USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-26-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

    - against -

JOSEPH OWUSU,

               Defendant.

------------------------------------X

07 Cr. 212 (RWS)

SENTENCING OPINION

**Sweet, D.J.,**

On August 28, 2007, Joseph Owusu ("Owusu") pleaded guilty to one count of passport fraud, in violation of 18 U.S.C. § 1542, a Class C felony. For the reasons set forth below, Owusu will be sentenced to 13 months' imprisonment and a term of supervised release of three years, as well as a special assessment of $100.

**Prior Proceedings**

Owusu was indicted on March 20, 2007, in the Southern District of New York, and arrested that same day. On March 23, 2007, Owusu appeared before the Honorable James C. Francis of this district and pleaded not guilty. On August 28, 2007, Owusu appeared before the Honorable Debra C. Freeman of this district, at which time he withdrew his not guilty plea and entered a plea of

1

guilty to the count charged in the indictment. He is scheduled to be sentenced on November 26, 2007.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 111.

**The Defendant**

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to Owusu's personal and family history.

3

**The Offense Conduct**

The following description draws on the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

On or about April 7, 2006, Owusu applied for a United States passport at the Church Street Station Post Office in New York, New York. Owusu included with the application a purported New York birth certificate, which was later found to be counterfeit.

**The Relevant Statutory Provisions**

The maximum term of imprisonment is a term of ten years, pursuant to 18 U.S.C. § 1542. In addition, pursuant to 18 U.S.C. § 3583(b)(2), if a sentence of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years.

Owusu is eligible for not less than one nor more than five years' probation, pursuant to 18 U.S.C. § 3561(c)(1). Because the offense is a felony, pursuant to 18 U.S.C. § 3563(a)(2), one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or

4

community service. The maximum fine is $250,000, pursuant to 18 U.S.C. § 3571. A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013(a)(2)(A).

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, all offenders on probation, parole or supervised release for offenses committed after September 13, 1994, are required to submit to one drug test within fifteen days of commencement of probation, parole, or supervised release, and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the Court due to its determination that the defendant poses a low risk of future substance abuse, as provided in 18 U.S.C. §§ 3563(a)(5) and 3583(d).

**The Guidelines**

The November 1, 2007, edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The Guideline for a violation of 18 U.S.C. § 1542 is found in U.S.S.G. § 2L2.2. Pursuant to U.S.S.G. § 2L2.2(a), the base offense level is 8.

5

Pursuant to U.S.S.G. § 2L2.2(b)(1), because Owusu was previously deported from the United States, the offense level is increased by two levels.

Pursuant to U.S.S.G. § 2L2.2(b)(2)(A), because Owusu have been previously convicted of illegal reentry, the offense level is increased by two levels.

Based on his plea allocution, Owusu has shown recognition of responsibility for the offense. Pursuant to U.S.S.G. § 3E1.1(a), the offense level is reduced two levels. Therefore, Owusu's adjusted total offense level is 10.

Owusu has two prior criminal convictions. On September 3, 1991, Owusu was arrested for aiding and abetting the attempted entry of two aliens into the United States. Owusu was convicted of this offense in the Northern District of New York and sentenced to a $475 fine and a $25 special assessment. Pursuant to U.S.S.G. § 4A1.2(e)(3), Owusu does not receive any criminal history points for this conviction.

On September 29, 2005, Owusu was convicted of (1) conspiracy to defraud the government; (2) false claims; (3) conspiracy to negotiate forged Treasury checks; (4) illegal

6

reentry; and (5) false statements. He was sentenced to five months' imprisonment and ordered to pay restitution of $885,218.72 and a special assessment of $500. Pursuant to U.S.S.G. §§ 4A1.1(b) and 4A1.2(e)(2), Owusu receives two criminal history points for this conviction.

Pursuant to U.S.S.G. § 4A1.1(d), because Owusu was on supervised release at the time the instant offense was committed, Owusu receives two additional criminal history points. Thus, Owusu has 4 criminal history points and a Criminal History Category of III.

Based on a total offense level of 10 and a Criminal History Category of III, the Guidelines range for imprisonment is 10 to 16 months.

The Guidelines range for a term of supervised release is at least two but not more than three years, pursuant to U.S.S.G. § 5D1.2(a)(2). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to U.S.S.G. § 5D1.1(a). Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to U.S.S.G. § 5D1.1(a).

7

Pursuant to U.S.S.G. § 5B1.1 cmt. 2, Owusu is not eligible for probation because the applicable Guidelines range is in Zone C of the Sentencing Table.

The Guidelines fine range for the instant offense is from $2,000 to $20,000, pursuant to U.S.S.G. § 5E1.2(c)(3). Subject to the Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release, pursuant to U.S.S.G. § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,036.92 to be used for imprisonment, a monthly cost of $294.60 for supervision, and a monthly cost of $1,799.04 for community confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.

Having considered all of the factors set forth in §3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Sentence**

For the instant offense, Owusu is hereby sentenced to a term of 13 months' imprisonment and a term of supervised release of three years. Owusu is further ordered to pay a mandatory special assessment of $100, which shall be due to the United States immediately.

As mandatory conditions of his period of supervised release, Owusu shall:

(1) not commit another federal, state or local crime;
(2) not illegally possess a controlled substance;
(3) not possess a firearm or destructive device; and
(4) cooperate in the collection of DNA as directed by the probation officer.

The mandatory drug testing condition is suspended based on the Court's determination that Owusu poses a low risk of future substance abuse.

9

The Defendant will comply with the standard conditions of supervision (1-13), as set forth in the judgment, along with the following special conditions:

(1) The Defendant shall provide the probation officer with access to any requested financial information;

(2) The Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

Owusu is therefore directed to report to the nearest Probation Office within 72 hours of release. It is recommended that Owusu be supervised by the district of his residence.

The terms of this sentence are subject to modification at the sentencing hearing set for November 26, 2007.

It is so ordered.

**New York, NY**
**November 26, 2007**

ROBERT W. SWEET
U.S.D.J.

10